Wood, J.
The seat of justice, as fixed by law, for Ashtabula county, when probate of the will was taken, was at Jefferson ; and the question raised by the plaintiff in error is, whether the court of common pleas, or the associate judges thereof, had power to take the probate of a will at any other place than the county seat. It is contended, by the plaintiff in error, they had not; and, therefore, their proceedings in this case are void. If so, it follows that the court erred in admitting the probate in evidence, and the judgment must be reversed. Let us inquire, then, what the law was at the date of this probate.
The act of February 8, 1812 (2 Chase’s L. 770), provides as follows : “ That it shall, at all times hereafter, be lawful for the judges of the court of common pleas, or any three of them, when required, to convene for the purpose of granting letters of administration, taking probate of wills, or for transacting any other necessary business relative to the settlement of estates of deceased persons.” This act was in force in 1813, when this probate was had, and it will be observed that it is silent as to the place where the court or associate judges shall assemble for the transaction of probate or testamentary business ; and, if there was any positive statute, then or now, requiring the court of common pleas to convene at the county seat, I have not been able to find it; it has been overlooked after diligent inquiry.
The county seat may have been a convenient place ; but whether the only place where the court could legally have held its sessions, under all possible exigencies, is, at most, doubtful. The associate judges are limited in their jurisdiction only by the county lines, and while they keep within them, there can be no substantial objection to their taking probate of a will at any place, and it is a part of the history of that section of the country that there are several others like the case at bar.
But suppose we are wrong in this, and that the judges were required by law to do all official business at the county seat, *it by no means follows that the acts of the court, or of the associate judges, are void.
If a court have jurisdiction over the subject matter, its solemn, acts and adjudications, although erroneous, are not void. They *224 are valid until reversed. Weir v. Zanc, 3 Ohio, 306. And even the proceedings of mere judges de facto have repeatedly been sustained both in England and the United States. We are of the opinion, there was nothing erroneous in receiving the record of the probate court in evidence, and that the judgment of the Supreme Court of Ashtabula county ought to be affirmed.
Judgment affirmed.